IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOROTHY ANN MCDONALD,

       Plaintiff,              No. 2:12-cv-1490-EFB

     vs.

CAROLYN W. COLVIN,[1] Acting
Commissioner of Social Security,

       Defendant.         ORDER

_____/

      Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The parties' cross-motions for summary judgment are pending. For the reasons discussed below, the court grants the Commissioner's motion and denies plaintiff's motion.

I.      BACKGROUND

      Plaintiff protectively filed an application for SSI on July 23, 2009, alleging that she had been disabled since her birth on August 7, 1967. Administrative Record ("AR") 126. Plaintiff's

---

[1] Michael J. Astrue was previously named as defendant. Carolyn W. Colvin has replaced Astrue and is presently the acting Commissioner of Social Security. Pursuant to Rule 25(d), Fed. R. Civ. P., Carolyn W. Colvin is automatically substituted as defendant in this action.

application was denied initially and upon reconsideration. *Id*. at 73-76, 83-87.  On November 15, 2010, a hearing was held before administrative law judge ("ALJ") Carolyn L. Buck.  *Id.* at 27-67.  Plaintiff was represented by counsel at the hearing, at which she and a vocational expert ("VE") testified.  *Id.*

On February 16, 2011, the ALJ issued a decision finding that plaintiff was not disabled under section 1614(a)(3)(A) of the Act.[2]  AR at 12-22.  The ALJ made the following specific findings:

1.    The claimant has not engaged in substantial gainful activity since July 23, 2009, the application date (20 CFR 416.971 *et seq*.).

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*.  Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  *Yuckert*, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  *Id.*

2.      The claimant has the following severe impairments: depression, bipolar disorder, anxiety disorder, personality disorder, diabetes, chronic back pain, and polysubstance abuse in remission for one year (20 CFR 416.920(c)).

* * *

3.      The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

* * *

4.      After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except simple one and two step tasks; limited public contact, occasional contact with coworkers and supervisors and no tandem work; sit/stand/walk six hours and eight-hour workday.

* * *

5.      The claimant is unable to perform any past relevant work (20 CFR 416.965).

* * *

6.      The claimant was born on August 7, 1967 and was 41 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7.      The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8.      Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is an issue because the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 Part 404, Subpart P, Appendix 2).

9.      Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

* * *

10.     The claimant has not been under a disability, as defined in the Social Security Act, since July 23, 2009, the date the application was filed (20 CFR 416.920(g)).

*Id.* at 14-22.

/////

3

1    Plaintiff requested that the Appeals Council review the ALJ's decision. *Id.* at 7-8.

2  However, on April 4, 2012, the Appeals Council denied review, leaving the ALJ's decision as

3  the final decision of the Commissioner of Social Security. *Id*. at 1-3.[3]

4  II.    LEGAL STANDARDS

5    The Commissioner's decision that a claimant is not disabled will be upheld if the findings

6  of fact are supported by substantial evidence in the record and the proper legal standards were

7  applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000);

8  *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*,

9  180 F.3d 1094, 1097 (9th Cir. 1999).

10    The findings of the Commissioner as to any fact, if supported by substantial evidence, are

11  conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is

12  more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521

13  (9th Cir. 1996).  "'It means such evidence as a reasonable mind might accept as adequate to

14  support a conclusion.'"  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol.*

15  *Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

16    "The ALJ is responsible for determining credibility, resolving conflicts in medical

17  testimony, and resolving ambiguities."  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.

18  2001) (citations omitted).  "Where the evidence is susceptible to more than one rational

19  interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

20  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

21  III.   ANALYSIS

22    Plaintiff argues that the ALJ erred in rejecting the opinions of Drs. Toth, Knoblich, and

23  Stearns regarding her ability to complete a workweek.  The weight given to medical opinions

24  depends in part on whether they are proffered by treating, examining, or non-examining

25

26    [3] The Appeals Council did, however, expand the record with additional evidence.  AR 5.

professionals. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. *Id.*; *Smolen v. Chater*, 80 F.3d 1273, 1295 (9th Cir. 1996). To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. *Lester*, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence. *Id.* at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). However, "[w]hen an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence.'" *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

John R. Toth, D.O., a treating physician, completed a medical report regarding plaintiff on July 21, 2009. AR 439. Dr. Toth diagnosed plaintiff with depression, anxiety, and migraines. Dr. Toth checked a box on the report, opining that temporarily, plaintiff's impairments would prevent or substantially reduce her ability to sustain work full-time at her customary job. Dr. Toth expected to release plaintiff for full-time work on June 1, 2010. *Id.*

Peter Knoblich, M. D., also a treating physician, opined that plaintiff was unable to meet competitive standards in the ability to 1) maintain attention for a two hour segment, 2) maintain regular attendance, 3) sustain an ordinary routine without special supervision, 4) get along with coworkers or peers, 5) carry out detailed instructions, or 6) set realistic goals. AR 536-538.
/////

1  Dr. Knoblich also stated that plaintiff's impairments or treatment would cause her to be absent

2  from work more than four days per month.  AR 539.

3         The opinions of Drs. Toth and Knoblich, set forth above, were contradicted, at least in

4  part, by the opinions of state agency consultants.  *See* AR 19, 505 (finding that plaintiff could

5  sustain her concentration, pace and persistence with her work tasks for two-hour blocks of times,

6  with customary breaks over the course of a regular workday/workweek).  Thus, the ALJ was

7  required to give specific and legitimate reasons for rejecting the opinions of Drs. Toth and

8  Knoblich.

9         The ALJ gave the following explanation for why he rejected Dr. Toth's opinion.

10        Concerning Dr. Toth's opinion of July 21, 2009, that the claimant['s] mental
          impairments prevented or substantially reduced her ability to work full-time at her
11        customary job, his conclusions are not supported by the totality of the medical
          evidence of record, as well as his own progress notes.

12

13 AR 19 (internal citation omitted).  Plaintiff argues that, while "not detailed," Dr. Toth "based his

14 opinions on his observations, and medical and professional expertise."  ECF No. 17 at 9.  The

15 opinion provided by Dr. Toth contained only his diagnoses and his opinion regarding plaintiff's

16 ability to sustain work full-time.

17        An ALJ is not required to accept a treating physician's opinion that is conclusory, brief,

18 and unsupported by the record as a whole or objective medical findings.  *Batson v. Comm'r of*

19 *the SSA*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also* Social Security Ruling 96-2p[4] (noting it

20 would be "error to give an opinion controlling weight simply because it is the opinion of a

21 treating source if it is not well-supported . . . or if it is inconsistent with the other substantial

22 /////

23

24        [4] "The Secretary issues Social Security Rulings to clarify the Secretary's regulations and
   policy . . . .  Although SSRs are not published in the federal register and do not have the force of
25 law, [the Ninth Circuit] nevertheless give[s] deference to the Secretary's interpretation of its
   regulations."  *Bunnell v. Sullivan*, 947 F.2d 341, 346 n.3 (9th Cir. 1991) (en banc) (internal
26 quotations and citations omitted).

evidence"). Here, Dr. Toth's opinion did not reference any supporting medical evidence.[5] Furthermore, and as discussed by the ALJ, the state agency medical consultants determined that plaintiff "could sustain her concentration, pace and persistence with her work tasks for two hour blocks of time, with customary breaks over the course of a regular workday/workweek." AR 19. Accordingly, the ALJ properly discredited Dr. Toth's opinion as inconsistent with the totality of the medical evidence.

The ALJ gave the following explanation for why he rejected Dr. Knoblich's opinion:

> [H]is conclusions are not supported by the totality of the medical evidence of record, as well as his own progress notes and it appears his conclusions are based on claimant's subjective reports. As stated below, claimant's subjective reports appear to be exaggerated and are not supported by the medical evidence of record.
>
> * * *
>
> [T]he claimant's lack of ongoing treatment lessens the claimant's credibility in regard to her report of symptoms . . . .

AR 19-20 (internal citation omitted). Plaintiff does not dispute the ALJ's adverse credibility finding. She argues, however, that the ALJ's reasoning "lacks warrant" because Dr. Knoblich "provided detailed notes to support the conclusion he made based on his medical and professional expertise." ECF No. 17 at 9. Those notes, however, only confirm the ALJ's belief that Dr. Knoblich's opinion was based, at least in part, on plaintiff's reported symptoms. For example, Dr. Knoblich specifically warned in his assessment that, "these functional questions are hard to predict given my limited contact with patient, and my symptom focused evaluation (vs functional analysis)." AR 539. Given that the ALJ found plaintiff's complaints not fully credible, it was not inappropriate for her to discount Dr. Knoblich's opinion based on those complaints. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (ALJ may reject treating physician's opinion if it is based "to a large extent" on "claimant's self-reports that have

/////

---

[5] Dr. Toth did not explain what clinical findings supported his assessment. Thus, plaintiff's contention that Dr. Toth relied on unspecified "observations" is simply speculative.

7

1  been properly discounted as incredible"). This constitutes a specific, legitimate reason for

2  rejecting the opinion of Dr. Knoblich. *See Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).

3  Moreover, the rationale for affording more weight to treating physicians is that they "are

4  likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a

5  claimant's] medical impairment(s) . . . ." 20 C.F.R. § 416.927(c)(2). But here, Dr. Knoblich

6  admitted he did not have a significant treating relationship with plaintiff and that he had only

7  "limited contact" with her. AR 539. In addition, the ALJ noted that Dr. Knoblich reported

8  seeing plaintiff only three times between 2002 and 2003 and then not again until September 14,

9  2010. AR 18. This lack of longitudinal treatment also supported the ALJ's rejection of Dr.

10  Knoblich's opinion. Thus, the ALJ provided specific and legitimate reasons that justified her

11  rejection of Dr. Knoblich's opinion.

12  Lastly, plaintiff contends the ALJ improperly "parceled the record to support the

13  wrongful denial of benefits" by rejecting the opinion of consultative examiner, Kimberly

14  Stearns, Ph.D., that plaintiff's ability to complete a normal workweek was moderately limited.

15  ECF No. 17 at 9. The ALJ gave the following explanation for why he did not fully credit Dr.

16  Stearns's opinion:

17  > The undersigned does not fully credit all of Dr. Stern's opinion. As stated above,
>  the claimant's lack of ongoing treatment lessens the claimant's credibility in
18  > regard to her report of sypomtoms [sic] and it appears that Dr. Stern gave
>  moderate weight to the claimant's report. However, some weight has been given
19  > to Dr. Stern's assessment given her findings on exam and the limitations stated in
>  the residual functional capacity takes these limitations into account. As noted, the
20  > undersigned agrees that the claimant is not able to perform complex or detailed
>  task[s] and she is limited to simple one and two-step tasks. The undersigned also
21  > finds some limits in social functioning and finds that the claimant is required to
>  have limited public contact and only occasional contact with coworkers and
22  > supervisors with no tandem work. However, the undersigned does not agree to a
>  moderate limitation in the ability to complete a normal workday or workweek.

23

24  AR 20. Dr. Stearns's opinion as to plaintiff's "moderate" limitation in her ability to complete a

25  workweek was contradicted, at least in part, by the opinions of state agency consultants. *See* AR

26  19, 505 (finding that plaintiff could sustain her concentration, pace and persistence with her

1   work tasks for two-hour blocks of times, with customary breaks over the course of a regular

2   workday/workweek).  Thus, the ALJ was required to give specific and legitimate reasons for

3   rejecting Dr. Stearns's opinion in this regard.

4          According to the ALJ, she did not fully credit all of Dr. Stearns's opinion because

5   plaintiff's "lack of ongoing treatment lessens [plaintiff's] credibility in regard to her report of

6   symptoms and it appears that Dr. Stearns gave moderate weight to [plaintiff's] report."  AR 20.

7   Indeed, Dr. Stearns's evaluation was based, in part, on her interview of plaintiff and plaintiff's

8   reported symptoms.  AR 487.  For example, Dr. Stearns's report notes plaintiff's complaints that

9   she "can't keep a job," has "a major anger problem," and "maintains she was fired due to being

10  'combative.'"  AR 487-88.  As discussed above, the ALJ may reject a medical opinion "if it is

11  based 'to a large extent' on a claimant's self-reports that have been properly discounted as

12  incredible."  *Tommasetti*, 533 F.3d at 1041.  Given the ALJ's finding that plaintiff's complaints

13  were not credible, it was appropriate for her to discount the portion of Dr. Stearns's opinion that

14  derived from those complaints.  Accordingly, the court finds that the ALJ properly rejected Dr.

15  Stearns's opinion that plaintiff's ability to complete a normal workweek was moderately limited.

16   *See Fair*, 885 F.2d at 605.

17  IV.   <u>CONCLUSION</u>

18          The court finds that the ALJ's decision is supported by substantial evidence and is based

19  on the proper legal standards.  Therefore, IT IS ORDERED that:

20          1. Plaintiff's motion for summary judgment is denied;

21          2. The Commissioner's cross-motion for summary judgment is granted; and

22          3. The Clerk is directed to enter judgment in the Commissioner's favor.

23  DATED:  September 25, 2013.

24

25                                              EDMUND F. BRENNAN
                                                UNITED STATES MAGISTRATE JUDGE
26

                                                9